## THE CENTENNIAL*

### (Circuit Court, E. D. Louisiana. June, 1881.)

1. INJURED SEAMAN—WAGES OF, ETC.

> In case of injury by fault or neglect of officers, the seaman is entitled to full wages until restored, and reimbursement for keep and medical attendance. But when he is sent to hospital, without expense to himself, no allowance can be made for keep and medical attendance.

2. SAME—PASSAGE HOME.

> In such a case, where the seaman is sent to a hospital in a port other than that at which he was shipped, he is entitled to his passage home, or the cost thereof.

In Admiralty.

R. King Cutler, for libellant.

B. Egan, for claimants.

PARDEE, C. J. "In case of injury by fault or neglect of officers, the seaman is entitled to full wages until restored, and for keep and medical attendance." Desty, Shipp. & Adm. and cases there cited, § 155.

A careful examination of the evidence filed in the record satisfies me that the libellant came to his injury—a broken leg—while in the performance of his duty, through no fault of his own, but solely from a faulty and dangerous gangway over which libellant and his comrades were ordered to carry coal. The injury was received in the night, at a coaling place, and the evidence is doubtful as to whether proper lights were furnished. It was the duty of the officers of the boat to have provided a safe and proper gangway and suitable lights. Short planks, so placed as to tip and slip, do not make a safe gangway for men to pass over carrying heavy articles of freight or fuel.

Libellant's wages were $25 per month. The district court allowed six months for restoration, which is short enough for full recovery of a broken leg. As libellant was sent to hospital without expense to himself, no allowance can be made for keep and medical attendance. As libellant shipped at St. Louis and was left here disabled, he is entitled to passage home, amounting to $12.50, as fixed by the district court. Libellant now asks for an increase of wages on the ground that the recovery has not taken place in the six months allowed, but

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

now, over one year from the injury, there is not complete recovery. I find no evidence in the record on this subject, and therefore can not consider it.

The demand for interest on account of delay through the appeal is better founded. Five per cent. may be allowed, the legal rate in this state. No appeal should have been taken on the evidence submitted below.

Let a decree be entered for $162.50, with interest at 5 per cent. from January 10, 1880, and for costs in favor of libellant, and against respondents and sureties.